IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:
CONCENTRIC METHODS, LLC
:
   v.                      :    Civil Action No. DKC 11-1130
:
CILLIAN TECHNOLOGIES, LLC
:

**MEMORANDUM OPINION**

Presently pending and ready for review in this breach of contract case is Plaintiff's motion for default judgment. (ECF No. 12). The relevant issues have been briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be granted in part and denied in part without prejudice to renewal.

**I. Background**

The following facts are alleged in the amended complaint. Plaintiff Concentric Methods, LLC ("Concentric") is a government contractor that provides information technology, engineering, and other support services to the federal government. Defendant Cillian Technologies, LLC, which also goes by the name Killian, LLC ("Killian"), is also a government contractor. Concentric is located in Virginia, and Killian is located in Maryland.

On October 22, 2010, the parties entered into a contract. Killian agreed to provide "certain equipment and services" to

Concentric to satisfy a previously incurred debt of $241,737.71. (ECF No. 4 ¶ 2). Apparently Killian only partially performed its obligations and thus still owes $179,677.33 to Concentric. Killian has acknowledged this outstanding debt, but it has refused to pay it.

On April 29, 2011, Concentric filed a complaint against Killian in this court. (ECF No. 1). Concentric amended the complaint as of right on May 3, 2011. (ECF No. 4). On June 8, 2011, Concentric served the summons and amended complaint. When Killian failed to respond within the requisite time period, Concentric moved for entry of default and default judgment. (ECF Nos. 8, 12). The clerk entered default against Killian on July 8, 2011. (ECF No. 9). Concentric seeks a default judgment against Killian for breach of contract in the amount of $179,677.33, plus interest.

**II. Motion for Default Judgment**

Where a default has been previously entered and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2). A defendant's default, however, does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002).

The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is essentially unresponsive, *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Here, more than six months have passed since Killian was served with the amended complaint, and Killian has neither pleaded nor asserted a defense in response. As a result, the "adversary process has been halted because of [this] essentially unresponsive party." *Id.* Default judgment against Defendant will thus be warranted if the amended complaint adequately pleads a breach of contract claim. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (explaining that, although the defendant is deemed to admit every well-pleaded allegation of the complaint upon entry of default, the court must nonetheless determine whether those allegations have been adequately pleaded and thus warrant relief).

The facts set forth in the amended complaint, for which Concentric provides supporting documentation in its motion for default judgment, are sufficient to state a breach of contract claim. In Maryland, to state a breach of contract claim, a plaintiff must allege that the defendant owed the plaintiff a

contractual obligation and that the defendant materially breached that obligation. *RRC Ne., LLC v. BAA Md., Inc.*, 413 Md. 638, 658 (2010). According to the amended complaint, Killian agreed to "furnish and deliver to [Concentric] or its customer all the supplies and perform all the services set forth in assigned orders in order to satisfy outstanding debts that it owed." (ECF No. 4 ¶ 7). Furthermore, the amended complaint states that Killian "failed to perform the services [and] failed to furnish . . . supplies to [Concentric] or its customers." (*Id.* ¶ 8). Based on these undisputed allegations, Concentric has stated a breach of contract claim for which relief is warranted.

The analysis now turns to the issue of damages. Concentric seeks compensatory damages in the amount of $179,677.33, prejudgment interest, and post-judgment interest. In support of this request, it submits the affidavit of David Moran ("the Moran Affidavit"), the chief financial officer of Cape Fox Corp., which is the parent company to Concentric. (ECF No. 12-1). According to the Moran Affidavit, Killian "has acknowledged that it owes money to Concentric." (*Id.* at 1). The Moran Affidavit states that the amount owed is $179,677.33. (*Id.* at 1-2). Furthermore, attached to the Moran Affidavit are two exhibits, one of which is an email between Jim Vedder, who is the chief financial officer of Killian, and Moran. (*Id.* at 6-

4

8). That email includes a spreadsheet attachment that itemizes the invoices of apparently outstanding payments owed to Concentric. (*Id.* at 8). Per that spreadsheet, the amount owed is also $179,677.33. Because the documentary evidence is consistent within itself and with the amount sought in the amended complaint,[1] the record supports Concentric's request for $179,677.33 in compensatory damages.

As to prejudgment interest, however, the record is insufficient. The amended complaint requests prejudgment interest at the "legal rate from the date of breach." (ECF No. 4, at 4).[2] The motion for default judgment likewise asks for the "legal rate" of interest, but it asks specifically that interest be assessed from October 22, 2010. (ECF No. 12, at 3). The record, i.e., the Moran Affidavit, however, is devoid of *any* facts from which it can be determined when the breach (or

---

[1] Concentric may not be awarded more than what it requested in the amended complaint. Pursuant to Rule 54(c): "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *Meindl v. Genesys Pac. Techs., Inc. (In re Genesys Data Techs., Inc.)*, 204 F.3d 124, 132 (4th Cir. 2000).

[2] In Maryland, the legal rate of interest is six percent per annum. *Mitchell v. Kentmorr Harbour Marina*, No. WMN-10-0337, 2011 WL 5826674, at *5 (D.Md. Nov. 17, 2011) (citing Md. Const. art. III, § 57).

5

breaches) of contract occurred, let alone that the breach occurred on October 22, 2010.³ Without more information, prejudgment interest cannot be fairly awarded. Thus, Concentric's request for prejudgment interest will be denied without prejudice to its right to renew.

Lastly, an award of post-judgment interest need not be specifically granted because a plaintiff is entitled to recover such interest by operation of law. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

## II. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment will be granted in part and denied in part without prejudice to renewal. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

³ It is highly unlikely that the breach of contract occurred on October 22, 2010. According to the amended complaint, that date is when the parties entered into the contract. (ECF No. 4 ¶¶ 2, 7).

6